# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | No. 4:17-CR-2 |
| | § | Judge Mazzant |
| JOHN WAYNE BLANTON | § | |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT JOHN WAYNE BLANTON'S MOTION FOR JUDGMENT OF ACQUITTAL UNDER FED. R. CRIM. P. 29(c)(1)

The following are pending before the Court:

1. "Defendant's Motion for Judgment of Acquittal Under FED. R. CRIM. P. 29(c)(1)" (Dkt. #132); and

2. "Government's Response to Defendant Blanton's Rule 29 Motion for Judgment of Acquittal" (Dkt. #135).

Having considered the Defendant's motion and the responsive briefing thereto, the Court finds that the motion should be **DENIED**.

## BACKGROUND

The Defendant was charged with one count in the First Superseding Indictment (Dkt. #90). Count One charged the Defendant with conspiracy to possess with the intent to distribute and distribution of marijuana and cocaine in violation of 21 U.S.C. § 846. More specifically, the First Superseding Indictment charged as follows:

> That from sometime in 2009, and continuously thereafter up to and including the date of this First Superseding Indictment, in the Eastern District of Texas and elsewhere, **John Wayne Blanton** aka "Unc" aka "Pop" aka The Old Man, **Johnny Lee Gandy Jr.**, **Ralph Tyrone Caruthers**, defendants, did knowingly and intentionally combine, conspire, and agree with Billy Wayne Gamble, and other persons known and unknown to the United States Grand Jury, to knowingly and

intentionally possess with the intent to distribute over 1000 kilograms of marijuana and over 5 kilograms of cocaine, a violation of 21 U.S.C. § 841(a)(1).

A jury trial began on February 5, 2018. After the Government rested its case-in-chief, the Defendant moved for a judgment of acquittal pursuant to FED. R. CRIM. P. 29. The Court denied the Defendant's motion. After the Defendant rested and both sides closed, the jury retired to begin its deliberations. On February 8, 2018, the jury returned its verdict and found the Defendant guilty of Count One of the First Superseding Indictment. The jury further found beyond a reasonable doubt that the conspiracy alleged involved a mixture or substance containing a detectable amount of cocaine. Additionally, the jury found that the overall conspiracy involved 500 grams but less than 5 kilograms of a mixture or substance containing a detectable amount of cocaine. Further, the jury found beyond a reasonable doubt that the Defendant was individually responsible for or could reasonably have foreseen that the conspiracy involved less than 50 grams of a mixture or substance containing a detectable amount of cocaine.

Additionally, the jury found beyond a reasonable doubt that the conspiracy alleged involved a mixture or substance containing a detectable amount of marijuana. The jury found that the overall conspiracy involved 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. Further, the jury found beyond a reasonable doubt that the Defendant was individually responsible for or could reasonably have foreseen that the conspiracy involved 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana. On February 22, 2018, the Defendant timely filed his motion for judgment of acquittal (Dkt. #132).

## LEGAL STANDARD

A motion for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998). The issue is "whether, viewing the evidence in the light most favorable to the verdict, a rational [finder of fact] could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009)). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001). The factfinder is "free to choose among reasonable constructions of the evidence," and "it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." *Id.* (quotations and citations omitted).

## ANALYSIS

In his motion, the Defendant argues that "there was no evidence that Defendant bought or sold cocaine, was present when cocaine was purchased or delivered or that he discussed the possession or distribution of cocaine with undercover witnesses." (Dkt. #132 at p. 2). Further, the Defendant argues that the Government failed to offer "sufficient evidence from which the jury could determine how much cocaine [the Defendant] could reasonably foresee." (Dkt. #132 at p. 3). However, the evidence presented at trial belies the Defendant's arguments. Most significantly, the evidence showed as follows:

. . . With respect to Blanton and the cocaine, the following evidence was presented: (1) Rufus Rogers' testimony;[1] (2) Jared Turner's testimony; (3) the two kilograms of cocaine seized on November 16, 2010; and, (4) the text message in Billy Wayne Gamble's cell phone.

Rufus Rodgers testified that he supervised an organization that transported large amounts of marijuana from Arizona to Texas. Rodgers used horse trailers to transport the drugs and testified that it was important for his drivers to have a good cover story in the event they were stopped by law enforcement. Rodgers met John Gandy Jr. ("Red") through Blanton, who was Gandy Jr.'s partner in the distribution of cocaine and marijuana. Rodgers testified that he sold a horse trailer with a hidden compartment in it to Blanton. Co-conspirator Jared Turner corroborated Rodgers, testifying that Blanton had drug customers in Oklahoma and was involved in the cocaine business. Rodgers' and Turner's testimony together established that Blanton and Gandy Jr. were involved with transporting cocaine to Oklahoma.

Notably, Rodgers testified that Blanton told him that he and Gandy Jr. suffered a "loss" in their drug business when drugs were seized by law enforcement on the highway between Texas and Oklahoma. The government presented evidence of that loss; it occurred on November 16, 2010. On that date Gandy Jr.'s father — John Gandy Sr. — was stopped by Sherman police as he was driving a Chevy Impala in Sherman, Texas, on I-75 —the highway, which when taken north leads straight to Oklahoma. Sherman police officer (Michael Young) testified that Gandy Sr. told him that he had come from his son's (Gandy Jr.) house in Arlington, Texas. Young testified that a drug dog alerted on the Impala Gandy Sr. was driving, which led Young to find and seize two kilograms of cocaine in the trunk of the Impala. Gandy Sr. was arrested, and the Impala was impounded.

The Court instructed the jury that it was permitted to draw reasonable inferences from the testimony and make deductions and reach conclusions from the fact based on reason and common sense. *See* Jury Instructions (Dkt. No. 123) at 422. The jury did just that in connection with the testimony of Rufus Rogers, Jared Turner and the cocaine seizure on November 16, 2016 by rationally concluding that the "loss" that Gandy Jr. and Blanton had described suffering on the highway connecting Texas and Oklahoma referred to the two kilograms of cocaine that was seized from the Impala that Gandy Sr. was driving on November 16, 2010. Again, Gandy Sr. told police that day that he had traveled from Gandy Jr.'s, house in Arlington on his way to Oklahoma.

---

[1] In its response to the Defendant's motion for judgment of acquittal, the Government spells Mr. Rodgers' name both correctly (Rodgers) and incorrectly (Rogers). Since the Court is quoting directly from the Government's responsive brief, the Court will use the Government's spelling. However, by way of clarification, the Court notes that "Rodgers" is the correct spelling.

The jury also heard evidence connecting the manner and means used by various conspirators in furthering the business of drug trafficking. For example, one of those conspirators, Charles Allen Raymond, testified that he was a driver who worked for Rufus Rodgers to transport marijuana from Arizona to Texas. As discussed earlier, Rodgers had sold a horse trailer with a hidden compartment in it to Blanton — Gandy Jr.'s partner in the cocaine/marijuana business. The timing of Blanton's purchase of the horse trailer with the hidden compartment in it was important. Rodgers testified that he sold the trailer to Blanton shortly after Blanton and Gandy Jr. told him that they had suffered a "loss" in their cocaine/marijuana business on the highway between Texas and Oklahoma — no doubt referring to the cocaine seizure of November 16, 2010, in Sherman along I-75. Using common sense, the jury could have rationally concluded that Blanton and Gandy Jr., frustrated by the November 2010 seizure, thought that the horse trailer would be a better, more secure, way to secrete contraband.

Along with the testimony of Rufus Rogers, Jared Turner and the cocaine seizure on November 16, 2010, a text message related to cocaine was located in Billy Wayne Gamble's phone. The evidence at trial (testimony from Sgt. Danny Fletcher and DEA SA Dave Phillips) established that Bill Wayne Gamble lived in the trailer on the ranch at Parkerville Road, DeSoto, Texas controlled by Blanton. Other text messages in Gamble's phone indicated that Blanton ("the old man") was supplying Gamble with drugs. Consequently, when the following text message was also found in Gamble's phone, it was reasonable to infer that the message related to cocaine supplied to Gamble by Blanton: "If I had any idea wats in that Mexican (expletive deleted) I wud cook it but I don't and I can't afford to pay to." Gov't Ex. 45, p. 86. Expert testimony established that the drug most commonly referred to in this context (a substance from Mexico that one can "cook") is cocaine.

(Dkt. #135 at pp. 4-7).

The jury was presented with ample evidence establishing the essential elements of conspiracy to possess with the intent to distribute and distribution of cocaine beyond a reasonable doubt. Therefore, viewing the evidence in the light most favorable to the verdict, the Court finds that there was sufficient evidence to support a reasonable jury's conviction of the Defendant as to Count One. *See United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001) ("That standard asks whether a reasonable jury could conclude that the relevant evidence, direct or circumstantial, established all of the essential elements of the crime beyond a reasonable doubt when viewed in the light most

favorable to the verdict."). Further, the Court finds that there was sufficient evidence to support a reasonable jury's finding that the Defendant was individually responsible for or could reasonably have foreseen that the conspiracy involved less than 50 grams of a mixture or substance containing a detectable amount of cocaine.

## CONCLUSION

It is therefore **ORDERED** that "Defendant's Motion for Judgment of Acquittal Under FED. R. CRIM. P. 29(c)(1)" (Dkt. #132) is **DENIED**.

**SIGNED this 6th day of August, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE